### BOSTON *vs.* THE GEORGIA RAILROAD.

When this case was here on demurrer (60 *Ga.*, 339) it was held that "a person who declares that he was upon a railroad track by its consent and was injured by the running of the cars caused by unusual loading of the same—the timbers projecting seven feet beyond the track, and he standing that distance from it at night, supposing himself safe at such a distance from the rail—several other trains properly loaded having passed without injury to him, has the right to go to the jury, the question of negligence being one peculiarly for the jury, the presumption in all cases being against the company; and a declaration alleging facts to the effect above stated, should not have been dismissed on demurrer." On the trial before the jury, it did not appear that the plaintiff was on the em-

bankment of the defendant by its consent, expressed or implied, and it further appeared that the agents of the company used all reasonable care and diligence in running the train according to schedule along the road at the time of the alleged injury, and that plaintiff was voluntarily on a dark night on the embankment of defendant, when a public road, within one hundred and fifty feet thereof, ran parallel thereto to the place where plaintiff was going, and where it also appears that plaintiff was not seen by the defendant's agents in control of the cars, and would have got further from the track but for briers, thereby recognizing, as he testified himself, the place where he stood as dangerous, and where the evidence rendered it improbable, to say the least, that he could have been hurt by the cars at such distance from the track—the same having passed depots adjacent to the spot where he stood without striking obstructions nearer the track than he was standing, and where the agents of the company had examined the cars shortly before the alleged hurt, and found no such timber projecting therefrom; and where the case in the main was fairly submitted to the jury—almost exactly in the language used by this court in its judgment on the demurrer—and the jury found a verdict for the defendant :

*Held*, that this court will not control the discretion of the superior court in overruling the plaintiff's motion for a new trial, the verdict being in accordance with law and the weight of the evidence, notwithstanding there may have been some inaccuracies in the charge of the court not amounting to error on any controlling question at issue.

JACKSON, Justice.